J-S54033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KITTY WARD TRAVEL, INC., AND MARIANNE VICKERS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS F. AND THERESA WARD, MAUREEN RENNIE, AILEEN REINER | |
| APPEAL OF: MARIANNE VICKERS | No. 591 EDA 2015 |

Appeal from the Judgment Entered February 9, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 10-00556

BEFORE:  BOWES, PANELLA, and FITZGERALD * JJ.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.: **FILED APRIL 22, 2016**

I agree with my learned colleagues that Marianne Vickers' ("Marianne") claims at Counts III, VI, and IX are not direct claims. While at first blush the negligent and fraudulent misrepresentation claims would appear to be direct claims, the injuries alleged are to Kitty Ward Travel, Inc. ("KWT") and only secondarily to the individual shareholders. Under established Pennsylvania law, a shareholder does not have standing to institute a direct suit for "a harm peculiar to the corporation" that would "only be **indirectly injurious** to a shareholder." ***Reifsnyder v. Pgh. Outdoor Adver. Co.***, 173 A.2d 319, 321 (Pa. 1961). Rather, such a claim belongs to, and is an asset of, the corporation. In ***Hill v. Ofalt***, 85 A.3d 540

---

* Former Justice specially assigned to the Superior Court.

(Pa.Super. 2014), this Court opined that our Supreme Court would decline to adopt the substantive provisions of ALI Section 7.01(d), which would permit a shareholder of a closely-held corporation to sue directly and individually recover for injuries sustained by the corporation. In that case, although we dismissed the direct claims, we remanded to permit the shareholder to amend the complaint to assert a derivative action on behalf of the corporation.

The facts herein are unusual. Not only did KWT assert its own claims, but Marianne and Bridget Ward ("Bridget"), as shareholders, also asserted those same claims on behalf of KWT. Marianne explains that they were merely taking a "belt and suspenders" approach to pleading in case KWT would subsequently be unable to assert its own claims. Furthermore, she maintains that Pa.R.C.P. 1020(c) permits one to plead claims in the alternative. In opposition to summary judgment in this case, Marianne argued that KWT was incapable of prosecuting its own claims and sought permission to assume control of those claims. Nonetheless, the trial court found that she lacked standing to pursue the derivative action, a holding she challenges on appeal.

The majority, however, fails to address Marianne's argument that, as a shareholder, she had standing to maintain a derivative action on behalf of KWT when it failed to prosecute its action. Our refusal to adopt ALI Section 701(d) does not foreclose Marianne from pursuing derivative claims on

behalf of KWT. Furthermore, I believe the record supports her right to maintain that action. Hence, I dissent from the majority's affirmance of summary judgment and I would vacate the order in part and remand to permit Marianne to prosecute the shareholder derivative action on behalf of KWT.

The facts, viewed in the light most favorable to Marianne as the non-moving party, are indispensable to an understanding of this contentious family dispute. The individual parties are siblings, with the exception of defendant Theresa Ward who is married to defendant Thomas Ward. KWT was originally owned by the Ward parents, who conveyed equal shares of KWT to their six children.[1]

In early 2009, Thomas was the president of KWT, Maureen Rennie was an officer, and Thomas's wife Theresa was an employee. On February 27, 2009, Marianne and Bridget called a special meeting of the shareholders of KWT and, with the support of their sister Aileen Reiner, took control of the corporation, reorganized the board of directors, and terminated defendants Thomas, Maureen and Theresa. In their new position of control of KWT,

---

[1] Patricia Ward Dunn, the sixth Ward sibling, is not involved herein, even though she originally received shares in KWT. She offered her shares for sale to her siblings. Thomas, Maureen, Aileen and Bridget purchased her shares, but Marianne declined to do so. As a result, Marianne owns only a 16.67% share in KWT while Thomas, Aileen, Bridget, and Maureen each own 20.83% of the corporation.

Marianne and Bridget allegedly learned their predecessors were self-dealing, diverting corporate opportunities, wasting assets, misappropriating corporate funds, and transferring substantial corporate assets without shareholder approval, as required by the bylaws, to the detriment of KWT.

Consequently, on January 19, 2010, Marianne and Bridget, individually and as agents of the KWT, and KWT itself, filed the within action. Initially, all three plaintiffs were represented by the same counsel. Marianne and Bridget pled therein that they were officers and shareholders of KWT and that they were bringing the action in the right of the corporation pursuant to 15 Pa.C.S. §§ 517, 1782. Complaint, 1/19/10, at ¶81. As to Counts III, VI, and IX, they purported to bring the claims directly for injuries to them individually.

The defense filed preliminary objections challenging Marianne and Bridget's right to maintain the action as shareholders for indirect injury as a result of direct injury to KWT and averring that the individual plaintiffs had no right to sue. The preliminary objections were overruled. Thereafter, Thomas Ward and Theresa Ward joined Aileen, the new President of KWT, as an additional defendant.[2]

---

[2] Three more lawsuits were commenced involving these individuals, KWT, and the Ward Family Partnership. The facts of these cases are not relevant to the disposition of the within appeal. I mention it simply because all four cases were consolidated for trial.

It appears from the record that the relationship between Marianne and Bridget became hostile during the discovery phase of the instant litigation. Counsel for plaintiffs subsequently praeciped to withdraw from representing Marianne, and she retained present counsel. Shortly thereafter, counsel was granted permission to withdraw from its representation of both Bridget and KWT, based on its representation that it could not make any progress due to the conduct of Bridget and KWT, a conflict of interest, a balance owing, and a severed attorney-client relationship. By order of February 1, 2013, the court gave KWT and Bridget thirty days to obtain new counsel, but none was retained.

Thereafter, Bridget and KWT did not respond to discovery or otherwise participate in the ongoing litigation. The defendants filed a motion for sanctions against KWT and Bridget, and the court issued an order on July 11, 2013, compelling responses to outstanding discovery within twenty days and awarding attorneys' fees. Subsequently, sanctions restricting proof were imposed due to the parties' noncompliance. Defendants cited the ongoing discovery delinquency of Bridget and KWT in support of their motion for entry of a protective order staying their depositions that had been scheduled by Marianne. Marianne, in her defense to a subsequent motion for sanctions filed by Defendants against her, maintained that Bridget had denied her expert witness access to corporate records due to Marianne's

allegations, *inter alia*, that Bridget was diverting assets of KWT and operating a competing travel agency from KWT's office.

On February 28, 2014, the defendants filed a motion for summary judgment against Bridget and Marianne based on their lack of standing to bring individual direct claims and alleging that all claims were derivative. The defendants also argued that, since Marianne and Bridget failed to follow the pleading requirements for a Pa.R.C.P. 1506 derivative action, they had no standing to bring the claims that were exclusive assets of KWT. Summary judgment was granted in favor of defendants and against Marianne and Bridget on all claims. KWT, still without representation, remained a plaintiff in the action.

On January 12, 2015, the instant case and the three other consolidated cases were called for trial. No one appeared for KWT.[3] Upon the motion of the Defendants, the Court granted judgment of *non pros* and/or a default judgment against KWT and all pending claims were dismissed with prejudice. Final judgment on all claims in all four

_____

[3] Marianne appeared as she was a counterclaim defendant. Her counsel reminded the court that Marianne's claims as a plaintiff had been disposed of by summary judgment. Summary judgment was entered in favor of Marianne on the counterclaims filed by Thomas and Theresa Ward. In the other consolidated lawsuits, judgment was entered in favor of the Ward Family Partnership against KWT in the amount of $2,000; judgment was entered in favor of Maureen Rennie against Bridget and KWT in the amount of $2,400.

consolidated lawsuits was entered on February 9, 2015, and Marianne filed this appeal on February 20, 2015.

Appellees acknowledge that a shareholder may enforce a secondary right against any former officer or director where the corporation refuses to enforce its rights.  15 Pa.C.S. § 1782.  However, they maintain that since Marianne never made a demand to the KWT board of directors that was refused, she could not pursue a derivative claim.  Moreover, they maintain that Marianne failed to satisfy the pleading rules governing derivative actions that would permit her to maintain such an action on behalf of KWT.  **See** Pa.R.C.P. 1506.

In my view, whether Marianne or Bridget made a formal demand upon KWT to pursue an action on its own behalf is inconsequential as KWT filed its own action.  Moreover, in **Hill**, **supra** at 556, this Court predicted that the Supreme Court would adopt the procedural aspects of ALI section 7.01(d) and excuse a demand for derivative actions filed on behalf of a closely-held corporation.  What makes the instant case unique is the fact that although KWT initially instituted its own claims, it subsequently failed to secure legal representation, defied discovery orders, and did not actively prosecute those claims long before judgment of *non pros* was entered.  In a peculiar twist, Marianne had pled derivative claims on behalf of the corporation.  Those claims were dismissed at summary judgment because KWT, at least on paper, remained a party with its own claims.

Marianne defended against summary judgment on her derivative action by asserting KWT's *de facto* abandonment of its claims. In response to averments that KWT would not relinquish its claims, Marianne pled that, "KWT is incapable of asserting claims on its own behalf." Plaintiff Marianne Vickers' Response to Defendants' Motion for Summary Judgment, 3/31/14, at 6, ¶ 45.[4] Additionally, Marianne maintained that even if all of her claims were derivative, she "must still remain a derivative plaintiff so as to advance KWT's claims through trial." Marianne Vickers' Brief in Opposition to Summary Judgment, at 2. She characterized KWT as incapable of protecting its own interests. *Id*. at 9. Marianne pointed out that KWT, under Bridget's control, refused to obtain counsel in violation of a court order, had failed to respond to discovery or motions, and suffered sanctions. She argued that if all of her claims, including the derivative claims were dismissed as requested, KWT's claims against the Defendants would "die" and the Defendants would escape liability for converting in excess of one million dollars simply because Bridget and KWT refused to secure counsel. *Id*. at 15.

_____

[4] In her proposed order, Marianne sought permission to maintain the derivative claims. *See* Order ("Counts I, II, IV, VII, and X of the Complaint are derivative and Plaintiff Marianne Vickers may advance said claims on behalf of Plaintiff Kitty Ward Travel, Inc. . .").

A shareholder derivative action is an action to enforce a secondary right that is brought by one or more shareholders "because the corporation or entity refuses or fails to enforce rights which could be asserted by it." Pa.R.C.P. 1506(a). That rule also provides that "if the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association, an appropriate person shall be substituted as plaintiff." Herein, it was the corporation that failed to adequately represent its own interests or those of its shareholders. I believe it was error to grant summary judgment on Marianne's derivative claims when KWT was unrepresented and failing to prosecute its own claims. Moreover, unlike the situation in **Hill**, **supra**, where we remanded to permit the plaintiff to amend the pleadings to assert a derivative action, the pleadings herein are sufficient to permit a derivative action to proceed.

For the foregoing reasons, I would vacate the summary judgment and permit Marianne to prosecute KWT's abandoned action.[5]

---

[5] In their motion for summary judgment, Defendants pled that KWT was a plaintiff and intended to seek to enforce its rights against the Defendants. **See** Motion for Summary Judgment, 2/28/14, at 13 ¶ 45. It cited therein the February 17, 2014 deposition testimony of Bridget, KWT's President and Vice Chairman, that the corporation was not relinquishing its claims. **Id**.